```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**DANNIE LEE MEREDITH,**

       **Plaintiff**

**v.**                                       **Civil Action No.: 2:04-1182**

**JO ANNE BARNHART,**
**Commissioner of**
**Social Security,**

       **Defendant**

## MEMORANDUM OPINION AND ORDER

**This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objections to the proposed Findings and Recommendation of United States Magistrate Judge Mary E. Stanley, entered January 31, 2006.**

I.

**Plaintiff Dannie Lee Meredith, now 49, filed his applications for social security income and disability insurance benefits on July 26, 2002, alleging disability as of February 28, 2002, due to collar bone, shoulder blade, back, knee, and hip**

impairments.  A hearing was conducted on plaintiff's claim on June 1, 2004, subsequent to which the administrative law judge ("ALJ") issued a decision dated July 30, 2004, finding that plaintiff was not entitled to benefits.  The decision became final on September 10, 2004, after the Appeals Council denied plaintiff's request for review.

On November 2, 2004, plaintiff filed this action seeking judicial review of the administrative decision pursuant to 42 U.S.C.A. § 405(g).  The sole issue before the court is whether the final decision of the Commissioner of the Social Security Administration denying plaintiff's claim for benefits is supported by substantial evidence.  See 45 U.S.C.A. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  The magistrate judge, in her findings and recommendation, concluded that the ALJ's decision was supported by substantial evidence, and recommended that the Commissioner's decision denying plaintiff benefits be affirmed.

Plaintiff filed his objections thereto on February 9, 2006, contending that the ALJ: (1) failed "to properly analyze the medical evidence of record completely and thoroughly"; and (2) erred in his pain and credibility analysis.  (Obj. at 1.)  These are the same objections lodged by plaintiff before the

2

magistrate judge with regard to the ALJ's decision. (PFR at 12.) The magistrate judge noted that, with respect to the first objection, plaintiff "essentially asserts that the weight of the evidence dictates a finding of disability, but he does not identify the specific errors he believes the ALJ made in denying benefits." (PFR at 13.) Likewise, plaintiff has failed to assert particular defects in the magistrate judge's analysis and recommendation.

II.

Having reviewed the record de novo, the court concludes that each of the areas of objection were addressed at length by the magistrate judge, who found that substantial evidence supported the finding that plaintiff's collar bone, shoulder blade, back, knee, and hip impairments are not disabling. Specifically, plaintiff has the residual functional capacity to perform sedentary work, reduced by nonexertional limitations as specified by the ALJ. (See Tr. at 22.)

Plaintiff's first objection generally states that the magistrate judge inappropriately recommends the affirmation of the ALJ decision, inasmuch as the findings of the ALJ are "not

consistent with the record." (Obj. at 3.) In support of his argument, plaintiff cites a number of transcript references describing his various conditions. (Obj. at 5-6.) The magistrate judge considered the entire medical record, including those particular items identified by plaintiff, and determined that

> [t]here is no doubt that [c]laimant has serious and severe impairments and has undergone a number of surgical procedures over the years to treat these conditions. The ALJ's residual functional capacity finding, which limited [c]laimant to less than a full range of sedentary work, adequately accommodates the limitations supported by substantial evidence of record. Although [c]laimant refers to ten years of treatment he received for a variety of impairments, there is no treating physician opinion of record suggesting that [c]laimant cannot work. Instead, substantial evidence of record . . . supports the ALJ's finding that [c]laimant can perform less than a full range of sedentary work . . .

(PFR at 13.) Plaintiff having identified no sufficient reason for the court to depart from the magistrate judge's finding, the court adopts the report of the magistrate judge with respect to this ground.

Second, the plaintiff contends that the magistrate judge improperly "recommends supporting the ALJ's pain and credibility findings stating the ALJ's decision contains a

thorough consideration of [plaintiff's] daily activities, the location, duration, frequency, and intensity of his pain, precipitating and aggravating factors and [plaintiff's] medications."  (Obj. at 7.)  The magistrate judge agreed with the ALJ's determination that plaintiff's description of limitation was inconsistent with the record based, in part, on his having testified at the hearing of his need to take naps, but his not having reported napping as one of his activities of daily living.  (PFR at 15.)

Addressing the magistrate judge's finding on this matter, plaintiff argues that he "did indeed state on his Daily Activities form . . . he was unable to sleep through the night for the past [eight] months and he went to bed at 10 p.m. to arise not only at midnight but [three] more times through the night, all because of severe pain."  (Obj. at 8.)  He goes on to say that he "did indeed testify at his hearing that his medications caused drowsiness and require him to take frequent naps."  (Obj. at 8.)  Plaintiff's arguments do not explain the inconsistency in his earlier report and his testimony about his need for naps, and so it remains that "[t]he degree of pain that [plaintiff] alleges is not supported by his activities of daily living, medications, or the medical record."  (PFR at 15 citing

5

Tr. at 22.)  Plaintiff has shown no reason why the ALJ should be found to have erred in the pain and credibility analysis.

### III.

For the reasons stated, and having reviewed the record de novo, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation in their entirety. It is ORDERED that plaintiff's motion for judgment on the pleadings be, and it hereby is, denied; defendant's motion for judgment on the pleadings be, and it hereby is, granted; and the final decision of the Commissioner be, and it hereby is, affirmed.

The Clerk is directed to forward certified copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: March 29, 2006

_____
John T. Copenhaver, Jr.
United States District Judge